# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DAVID L. WOODWARD,**

    **Plaintiff,**

    v.                                              CASE NO. 25-3252-JWL

**HOLLY SHAW, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff David L. Woodward is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 5.)

Plaintiff alleges that on April 1, 2025, three inmates entered his cell and stole his television, table fan, and game console. (Doc. 1, at 2.) He asserts that someone opened the electronic lock on his cell door to allow the thieves to enter. Plaintiff denies signaling for the cell door to be opened. He brings a failure to protect claim.

Plaintiff further alleges that he requested protective custody after the incident and was moved to a different pod. When he arrived, he had to remove his jeans and was locked in a shower unit for five hours. Then, he was moved to a crisis cell in the infirmary. The cell had only a hard

1

plastic bench to sleep on. Plaintiff remained in the crisis cell until April 3, 2025. From there, Plaintiff was moved to a cell in disciplinary segregation. He had a cellmate, and they were locked down except for two showers and two one-hour yard periods per week. Plaintiff alleges that he was not given clean clothing, cleaning supplies, his property, sheets or blankets, or any canteen other than hygiene products until about May 28, 2025, when he was again transferred. He acknowledges in a filing attached to his Complaint that he did have a quilted "sleep system" on his bunk while in the disciplinary segregation cell. Plaintiff brings a claim based on the conditions of his confinement.

Plaintiff's last claim involves his personal property. After he requested protective custody and was moved, Plaintiff alleges that his personal property was packed up and taken to central property. He was denied access to his property while in the crisis cell and while in the cell on the disciplinary segregation unit. When he was moved again around May 28, 2025, he again requested his property from central property. Holly Shaw, manager of central property, said that Plaintiff had no property there. Plaintiff filed a property claim on August 25, 2025. He has received no response, leading him to file this lawsuit. Plaintiff brings a deprivation of property claim.

Plaintiff names the following defendants: Jeff Zmuda, Secretary of the Kansas Department of Corrections; Jesse Howes, warden at LCF; Holly Shaw, central property manager at LCF; Unit Team Manager Keon; Unit Team Supervisor Speer; Unit Team Cleaver; unnamed unit team manager Pod B6; and two unknown unit team officers on Pod B6. Plaintiff claims violation of his rights under the Eighth and Fourteenth Amendments. For relief, Plaintiff seeks $1,700.00 for his stolen or lost property and $10,000.00 for pain and suffering from the theft and the treatment he endured thereafter. *Id*. at 10.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

#### A. Failure to Protect Claim

"Under the Eighth Amendment, prison officials have a duty to 'provide humane conditions

of confinement,' including 'tak[ing] reasonable measures to guarantee the safety of . . . inmates.'" *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 800 (2019) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks omitted)). This duty includes "a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (ellipsis and quotation marks omitted).

Plaintiff alleges that an unknown person unlocked his cell door, which allowed three inmates to enter and steal his property. While he also describes the incident as an "attack", he does not assert that he suffered any physical harm. Plaintiff is bringing a claim for failure to protect *his property*. Allegations of deprivation of property do not state a claim where an adequate state remedy exists, as explained in Paragraph III.C. below.

B. **Conditions of Confinement Claim**

A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id*. To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth

Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id*. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*. It is not enough to establish that the official should have known of the risk of harm. *Id*.

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id.* As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations. . .' may meet the standard despite a shorter duration." *Id.* (citations omitted).

Plaintiff alleges that he had to sit in a shower enclosure for five hours, he had to sleep on a plastic bench without bedding for two nights, he was restricted primarily to his cell with a cellmate for approximately 55 days, he was denied sheets and a blanket (but was given a "sleep system"), he was denied clean clothing or cleaning supplies, and he was denied full canteen access. Plaintiff has not shown that the conditions were more than uncomfortable – that they rose to the level of "conditions posing a substantial risk of serious harm" to his health or safety. *Farmer,* 511 U.S. at 834. Plaintiff should show good why his Eighth Amendment claim based on his conditions of confinement should not be dismissed for failure to state a claim.

It may be that Plaintiff intended to bring a Fourteenth Amendment claim based on the conditions in protective custody. In the prison context, "[a] protected liberty interest only arises from a transfer to harsher conditions of confinement when an inmate faces an atypical and significant hardship in relation to the ordinary incidents of prison life." *Requena v. Roberts*, 893 F.3d 1195, 1217 (10th Cir. 2018) (quoting *Rezaq v. Nalley*, 677 F.3d 1001, 1011 (10th Cir. 2012) (ellipsis and quotation marks omitted)). The Tenth Circuit typically considers four factors in deciding whether segregation imposes such a hardship: "(1) the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement are extreme; (3) the placement increases the duration of confinement ...; and (4) the placement is indeterminate." *Id.* (quoting *Estate of DiMarco v. Wyo. Dep't of Corr., Div. of Prisons*, 473 F.3d 1334, 1342 (10th Cir. 2007)).

In this case, Plaintiff has not alleged facts that would demonstrate his placement in a disciplinary segregation cell for protective custody was atypical or a significant hardship in relation to the ordinary incidents of prison life. His placement lasted 55 days and did not increase the duration of his imprisonment. He has not alleged the conditions of his confinement in segregation

7

were extreme. The purpose of his placement, his safety, furthered a legitimate penological interest. "[R]estrictions on an inmate's telephone use, property possession, visitation and recreation privileges are not different in such degree and duration as compared with the ordinary incidents of prison life to constitute protected liberty interests under the Due Process Clause." *Id*. at 1218 (quoting *Marshall v. Morton*, 421 F. App'x 832, 838 (10th Cir. 2011) (unpublished)). Plaintiff fails to state a Due Process claim.

### C. Deprivation of Property Claim

Plaintiff's claim based on the deprivation of his property is subject to dismissal. Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dep't of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff has failed to allege that an adequate post-deprivation remedy is unavailable. Because an adequate, state post-deprivation remedy exists, Plaintiff must show good cause why his property claim should not be dismissed for failure to state a claim.

### D. Claim for Damages

Plaintiff seeks damages in the amount of $10,000 for the pain and suffering he has endured. He does not allege he suffered any physical harm, either from the theft or the conditions of his

confinement. Section 1997e(e) of the Prison Litigation Reform Act (PLRA) provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.

42 U.S.C. § 1997e(e). This provision bars a claim for compensatory or punitive damages without a prior showing of a physical injury. *See Perkins v. Kansas Dept. of Corrections,* 165 F.3d 803, 807 (10th Cir. 1999); *see also Lawson v. Engleman*, 67 F. App'x 524, 526–27 (10th Cir. 2003) ("While claims for mental and emotional distress are cognizable under § 1983, under § 1997e(e) 'such a suit [by a prisoner] cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms.'") (citation omitted); *Milledge v. McCall*, 43 F. App'x 196, 199 (10th Cir. 2002) (claim for punitive damages is subject to physical injury requirement of 42 U.S.C. § 1997e(e)). Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002).

Because Plaintiff's Complaint does not allege a physical injury arising from the alleged violations, Plaintiff's claims are subject to dismissal under 42 U.S.C. § 1997e(e).

### E. Defendants

Plaintiff names the Secretary of the Kansas Department of Corrections and the warden of LCF as defendants. Plaintiff has failed to allege how these defendants personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—

personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing

*Iqbal*, 129 S. Ct. at 1949).

Defendants Zmuda and Howes are subject to dismissal.

## IV. Motions

Plaintiff has filed two motions. The first (Doc. 6) is a motion seeking clarification of the filing fee. The Court assessed an initial partial filing fee of $115.00 and said that Plaintiff remains obligated to pay the remainder of the $350.00 filing fee. *See* Doc. 5. Therefore, Plaintiff will owe the Court $235.00 after payment of the initial fee.

The second motion (Doc. 9) seeks an extension of time to pay the initial partial filing fee. The initial fee was due on December 22, 2025. (*See* Doc. 5.) Plaintiff provided a copy of an account withdrawal request for $115.00 that he submitted to Central Inmate Banking on November 20, 2025. (Doc. 10.) The KDOC has informed the Court that there are currently delays in processing payments due to a change in KDOC's electronic financial records system. For good cause shown, Plaintiff's motion is granted.

## V. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **February 9, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Clarify (Doc. 6) and Motion for Extension of Time (Doc. 9) are granted. The deadline for Plaintiff to pay the initial partial filing fee is extended to **February 9, 2026**.

**IT IS SO ORDERED**.

**Dated January 9, 2026, in Kansas City, Kansas.**

                                      **S/ John W. Lungstrum**
                                      **JOHN W. LUNGSTRUM**
                                      **UNITED STATES DISTRICT JUDGE**