FILED
U.S. District Court
District of Kansas
02/13/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID L. WOODWARD,

    **Plaintiff,**

    v.                                    CASE NO. 25-3252-JWL

HOLLY SHAW, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

This matter is a pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed in forma pauperis (Doc. 5.), and Plaintiff has paid the initial partial filing fee assessed by the Court.

Plaintiff alleges that on April 1, 2025, three inmates entered his cell, attacked him, and stole his television, table fan, and game console. He asserts that unknown LCF officials opened the electronic lock on his cell door to allow the perpetrators to enter. Plaintiff denies signaling for the cell door to be opened. He brings a failure to protect claim.

Plaintiff further alleges that he requested protective custody after the incident and was moved to a different pod. When he arrived, he had to remove his jeans and was locked in a shower unit for five hours. Then, he was moved to a crisis cell in the infirmary. The cell had only a hard plastic bench to sleep on. Plaintiff remained in the crisis cell until April 3, 2025. From there, Plaintiff was moved to a cell in disciplinary segregation. He had a cellmate, and they were locked down except for two showers and two one-hour yard periods per week. Plaintiff alleges that he was not given clean clothing, cleaning supplies, his property, sheets or blankets, or any canteen

1

other than hygiene products until about May 28, 2025, when he was again transferred. He acknowledges in a filing attached to his Complaint that he did have a quilted "sleep system" on his bunk while in the disciplinary segregation cell. Plaintiff brings a claim based on the conditions of his confinement.

Plaintiff's last claim involves his personal property. After he requested protective custody and was moved, Plaintiff alleges that his personal property was packed up and taken to central property. He was denied access to his property while in the crisis cell and while in the cell on the disciplinary segregation unit. When he was moved again around May 28, 2025, he again requested his property from central property. Holly Shaw, manager of central property, said that Plaintiff had no property there. Plaintiff filed a property claim on August 25, 2025. He has received no response, leading him to file this lawsuit. Plaintiff brings a deprivation of property claim.

Plaintiff names the following defendants: Jeff Zmuda, Secretary of the Kansas Department of Corrections; Jesse Howes, warden at LCF; Holly Shaw, central property manager at LCF; Unit Team Manager Keon; Unit Team Supervisor Speer; Unit Team Cleaver; unnamed unit team manager Pod B6; and two unknown unit team officers on Pod B6. Plaintiff claims violation of his rights under the Eighth and Fourteenth Amendments. For relief, Plaintiff seeks $1,700.00 for his stolen or lost property and $10,000.00 for pain and suffering from the theft and the treatment he endured thereafter.

The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed. (Memorandum and Order to Show Cause, Doc. 11) ("MOSC"). The MOSC found that Plaintiff's allegations did not state a failure to protect claim as he seemed to be complaining about the loss of property rather than any injury; that Plaintiff did not state a claim based on the conditions of his confinement because he had not shown that the

2

conditions of his confinement were more than uncomfortable – that they rose to the level of "conditions posing a substantial risk of serious harm" to his health or safety; that Plaintiff had not alleged facts that would demonstrate his placement in a disciplinary segregation cell for protective custody was atypical or a significant hardship in relation to the ordinary incidents of prison life as to state a due process claim; that Plaintiff did not state a constitutional claim for deprivation of his property because an adequate, state post-deprivation remedy exists; that Plaintiff failed to allege a physical injury arising from the alleged violations making his claim for damages subject to dismissal under 42 U.S.C. § 1997e(e); and that Plaintiff failed to allege how Defendants Zmuda and Howes personally participated in the deprivation of his constitutional rights making them subject to dismissal.

Before the Court is Plaintiff's response to the MOSC (Doc. 12). Plaintiff makes several arguments. First, he notes that he was 81 years old on the day of the theft, April 1, 2025. (Doc. 12, at 1.) He asserts that he was knocked to the floor, injuring his right elbow, right shoulder, right hip, right leg, and right knee. *Id*. at 1-2. He alleges that he received no medical attention despite complaining of pain. *Id*. at 2.

The Court finds that additional information is needed to complete the screening of this claim.

Plaintiff further asserts that he did not have access to clean clothing for the entire 55 days he stayed in the segregation unit. *Id*. at 3. He argues that clean clothing is a basic necessity, stating that the Tenth Circuit has found "adequate clothing" to be a "core area of an Eighth Amendment claim." *Id*. He acknowledges that perhaps the conditions did not expose him to a substantial risk of physical harm but that the environment was "certainly degenerative as far as his mental state and well being was concerned." *Id*. at 4. Plaintiff also claims that "throwing an inmate in a

segregation unit and suspending his privileges without due process should be cruel and unusual punishment regardless of the pretense of protection when an alternative is available for that purpose and far less restrictive." *Id*. at 6.

Plaintiff does not have a constitutional right to dictate where he is housed, whether it is which facility or which classification within a facility. *See Schell v. Evans*, 550 F. App'x 553, 557 (10th Cir. 2013) (citing *Meachum*, 427 U.S. at 228–29; *Cardoso v. Calbone*, 490 F.3d 1194, 1197–98 (10th Cir. 2007)). Moreover, jail officials are entitled to great deference in the internal operation and administration of the facility. *See Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979).

Furthermore, Plaintiff does not allege that he suffered any physical injury resulting from the conditions of his confinement in segregation for 55 days. As explained in the MOSC, Section 1997e(e) of the Prison Litigation Reform Act (PLRA) provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.

42 U.S.C. § 1997e(e). This provision bars a claim for compensatory or punitive damages without a prior showing of a physical injury. *See Perkins v. Kansas Dept. of Corrections,* 165 F.3d 803, 807 (10th Cir. 1999); *see also Lawson v. Engleman*, 67 F. App'x 524, 526–27 (10th Cir. 2003) ("While claims for mental and emotional distress are cognizable under § 1983, under § 1997e(e) 'such a suit [by a prisoner] cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms.' ") (citation omitted); *Milledge v. McCall*, 43 F. App'x 196, 199 (10th Cir. 2002) (claim for punitive damages is subject to physical injury requirement of 42 U.S.C. § 1997e(e)). Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002).

Because Plaintiff does not allege a physical injury arising from the conditions of his confinement in segregation, this claim is dismissed.

Next, Plaintiff argues that he should be able to bring his property claim in this Court rather than in state court to avoid "piecemeal litigation." *Id*. He quotes *Clappier v. Flynn*, 605 F.2d 519 (10th Cir. 1979) ("If the actions of law enforcement officers result in a deprivation of a federally protected right, the existence of an adequate state remedy does not bar recovery under 42 U.S.C. 1983.") and *Ramos v. Lamm*, 630 F.2d 559 (10th Cir. 1980) ("The mere fact that a federal claim brought in federal court might have been brought instead in state court does not justify abstention.") to support his argument that this Court should hear his property loss claim. *Id*. at 8.

However, as the MOSC explained, Plaintiff does not have a federal claim - the loss of a state prisoner's personal property does not state a claim for violation of a federal constitutional right where there is an adequate state post-deprivation remedy. (Doc. 11, at 8.) A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dep't of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Moreover, it is unclear whether any potential claim for property damage could survive § 1997e(e). *See Ybanez v. Scott*, 2015 WL 1258290, at *7 (D. Colo. March 17, 2015) (noting that the 10th Circuit does not appear to have addressed the issue of whether 1997e(e) bars an award of compensatory damages for the loss of property, but in *Allen v. Reynolds*, 475 F. App'x 280, 283–84 (10th Cir. 2012), the

court appeared to reject, in *dicta*, an argument that an inmate's demand for compensatory damages for the destruction of personal photographs survived the lack of a physical injury under the PLRA); *see also Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) (finding in case involving confiscated magazines that inmate did not suffer physical injury in connection with his constitutional claims, and allegation that personal property was lost, confiscated, or damaged does not state a claim where remedy is in state court).

Because an adequate, state post-deprivation remedy exists, Plaintiff's property claim is dismissed for failure to state a claim.

Finally, Plaintiff acknowledges that he has "no other material fact as to defendants Zmuda and Howes participation." (Doc. 12, at 10.) The Court finds that these defendants should be dismissed.

In summary, the Court has considered Plaintiff's response and finds that Plaintiff's claims based on the conditions of his confinement in segregation and for loss of his personal property are dismissed for failure to state a claim, and Defendants Zmuda and Howes are dismissed from this action. In addition, Defendant Shaw is dismissed because she is named as defendant to the property loss claim.

The Court further finds that the proper processing of Plaintiff's failure to protect claim cannot be achieved without additional information from appropriate KDOC officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate KDOC officials to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly complete the screening of Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's claims for damages resulting from the conditions of his confinement and from the loss of his personal property are **dismissed**.

**IT IS FURTHER ORDERED** that Defendants Zmuda, Howes, and Shaw are **dismissed** from this action.

**IT IS FURTHER ORDERED** that**:**

(1) The Kansas Department of Corrections ("KDOC") shall submit the *Martinez* Report within **sixty (60) days** following the entry of this order. Upon the filing of that Report, the Court will screen Plaintiff's Complaint. If the Complaint survives screening, the Court will enter a separate service order.

(2) Officials responsible for the operation of the Lansing Correctional Facility are directed to undertake a review of the subject matter of the Complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

    c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the KDOC officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The KDOC officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(4) Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the KDOC officials to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, counsel for the KDOC, and the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

**Dated February 13, 2026, in Kansas City, Kansas.**

<u>S/   John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**