FILED
U.S. District Court
District of Kansas
04/28/2026
Clerk, U.S. District Court
By:___SND_ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID L. WOODWARD,

     Plaintiff,

     v.                            CASE NO.  25-3252-JWL

HOLLY SHAW, et al.,

     Defendants.

MEMORANDUM AND ORDER
TO SHOW CAUSE

Plaintiff brings this pro se action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Lansing Correctional Facility in Lansing, Kansas ("LCF").  The Court granted Plaintiff leave to proceed in forma pauperis.  (Doc. 5.)

The Court conducted an initial review of this case and directed Plaintiff to show cause why his Complaint should not be dismissed.  (Memorandum and Order to Show Cause, Doc. 11) ("MOSC").  Plaintiff filed a response (Doc. 12), and on February 13, 2026, the Court entered a Memorandum and Order (Doc. 13) ("M&O") dismissing some claims and defendants and directing the officials responsible for the operation of the LCF to prepare a *Martinez* Report as to Plaintiff's failure to protect claim.  The *Martinez* Report (Doc. 14) has now been filed.  The M&O provides that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A."  (Doc. 13, at 6.)  The Court will therefore screen the Complaint in light of the Report.  The Court's screening standards are set forth in the MOSC.  (Doc. 11, at 3-4.)

I.  Nature of the Matter Before the Court

Plaintiff alleges that on April 1, 2025, three inmates entered his cell, attacked him, and stole his television, table fan, and game console.  He asserts that unknown LCF officials opened

1

the electronic lock on his cell door to allow the perpetrators to enter.  Plaintiff denies signaling for the cell door to be opened.  He brings a failure to protect claim.

After dismissal of Defendants Zmuda, Howes, and Shaw in the M&O, the following defendants remain: Unit Team Manager Keon; Unit Team Supervisor Speer; Unit Team Cleaver; unnamed unit team manager Pod B6; and two unknown unit team officers on Pod B6.  For relief, Plaintiff seeks $10,000.00 for pain and suffering from the theft and the treatment he endured thereafter.

## II.  The *Martinez* Report

The Report confirms that an incident occurred involving Plaintiff at approximately 2:00 p.m. on April 1, 2025.  Plaintiff was housed in cell 101 in cell house B6 in the general population.  (Doc. 14, at 3.)  Cell 101 was a 4-man cell, housing Plaintiff and three other prisoners.  *Id*.  Many prisoners are moving around at this time of day, according to the Report.  Prisoners are given a twenty-minute window to make movements between their cells and the dayroom common area from ten minutes before the hour to ten minutes after the hour.   Formal prisoner count occurs around 2:45 p.m., and prisoners must be in their cells for the count.  *Id.*  Therefore, the 1:50 to 2:10 window would be the last chance to return in time for the count.

The Report states that the investigation revealed no evidence as to how the thieves entered Plaintiff's cell; it is not known whether one of Plaintiff's cellmates requested that the door be opened, if all doors were opened for mass movement, or if the cell door was not fully closed by someone upon coming or going.  *Id*.

The Report further states that there is no record of medical staff treating Plaintiff for injuries related to a fall or push on April 1, 2025, and no mention of a fall or push occurring on or about April 1, 2025.  *Id*. at 4.  Plaintiff's medical records from April 1, 2025 – December 30, 2025

are attached to the Report.  On April 2, 2025, Plaintiff was seen in the infirmary where he was moved after the incident.  The provider noted that Plaintiff denied any medical complaints or concerns and was observed ambulating without assistance.  *Id*. at 5.  On June 24, 2025, a provider noted that Plaintiff reported increased pain to his right arm and shoulder.  This was attributed to his preexisting arthritic condition.  *Id*.

The investigation revealed two property claims that Plaintiff made after the April 1, 2025, incident.  *Id*. at 5.  One claim was submitted on May 19, 2025, and the other on August 14, 2025.  Neither claim mentioned any physical injuries.  An Administrative Restrictive Housing Report dated April 1, 2025, includes a written statement from Plaintiff about the incident.  Plaintiff states he was knocked down but does not mention any injuries.  Daily Restrictive Housing Reports from April 2 to April 13 do not note any complaints of injury from Plaintiff.  (Doc. 14-16.)  Finally, Plaintiff made two phone calls to his adult child on April 2, 2025.  In over thirty minutes of conversation, Plaintiff described the incident but did not mention being injured.  (Doc. 14 at 6-7).

## III.  Discussion

"Under the Eighth Amendment, prison officials have a duty to 'provide humane conditions of confinement,' including 'tak[ing] reasonable measures to guarantee the safety of . . . inmates.'" *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 800 (2019) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks omitted)).  This duty includes "a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (ellipsis and quotation marks omitted).

However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834.  A prison official may be held to have violated the Eighth Amendment only when two

3

components are satisfied: an objective component requiring the inmate show he was "incarcerated under conditions posing a substantial risk of serious harm;" and a subjective component requiring that defendants acted with the culpable state of mind referred to as "deliberate indifference." *Id.*; *Wilson v. Seiter*, 501 U.S. 294, 299 (1991). Deliberate indifference exists when an official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837 ("[T]the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir.), *cert. denied*, 546 U.S. 1003 (2005). Deliberate indifference requires "a higher degree of fault than negligence." *Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993) (other citations omitted); *Farmer*, 511 U.S. at 835. A prison official's "failure to alleviate a significant risk that he should have perceived but did not" does not amount to the infliction of cruel and unusual punishment. *Id.* It follows that Plaintiff must allege facts indicating that Defendants actually knew of but disregarded a serious risk to him, rather than that they should have been aware of possible danger. *Id.* The mere fact that an assault occurred does not establish the requisite deliberate indifference to Plaintiff's constitutional rights. *Hovater*, 1 F.3d at 1068.

Plaintiff alleges that an unknown LCF official unlocked his cell door, which allowed three inmates to enter, knock him down, and steal his property. Plaintiff's claim that one of the defendants must have unlocked the door is based on supposition, and the Report indicates there are other possible explanations for the door being open that are at least as likely. Furthermore, Plaintiff's allegations do not demonstrate that there was any specific, significant risk of serious harm that the defendants could have known about. Plaintiff has not alleged that the perpetrators had made threats to harm him or that the defendants were aware of a strong likelihood that Plaintiff would be attacked. *See Gray v. Sorrels*, 744 F. App'x 563, 571 (10th Cir. 2018) (unpublished)

(finding allegations of failure to protect too conclusory to establish personal participation). Plaintiff has not shown either that the conditions at LCF posed a substantial risk of serious harm or that any defendant knew of that risk and disregarded it. Plaintiff should show good cause why his Complaint should not be dismissed for failure to state a claim.

## IV. Conclusion

In light of the *Martinez* Report and on further review of the Complaint, the Court is considering dismissal of this matter for failure to state a claim on which relief can be granted. Plaintiff will be given an opportunity to respond to the *Martinez* Report and to show good cause why dismissal should not be entered. Failure to respond by the Court's deadline may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **May 28, 2026,** in which to respond to the *Martinez* Report and to show good cause to the Honorable John W. Lungstrum why this action should not be dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated April 28, 2026, in Kansas City, Kansas.**

<u>S/ James P. O'Hara</u>
**JAMES P. O'HARA**
**UNITED STATES MAGISTRATE JUDGE**

5