**FILED**
**U.S. District Court**
**District of Kansas**
10/07/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DAVID L. WOODWARD,**

**Plaintiff,**

**v.** **CASE NO. 25-3252-JWL**

**HOLLY SHAW, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff brings this pro se action under 42 U.S.C. § 1983. Plaintiff is in custody at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 5.)

The Court conducted an initial review of this case and directed Plaintiff to show cause why his Complaint should not be dismissed. (Memorandum and Order to Show Cause, Doc. 11) ("MOSC"). Plaintiff filed a response (Doc. 12), and on February 13, 2026, the Court entered a Memorandum and Order (Doc. 13) ("M&O") dismissing some claims and defendants and directing the officials responsible for the operation of the LCF to prepare a *Martinez* Report as to Plaintiff's failure to protect claim. After the *Martinez* Report (Doc. 14) was filed, the Court screened the Complaint in light of the Report and entered a second MOSC (Doc. 19) ("MOSCII") on April 28, 2026. After the MOSCII was entered, Plaintiff filed a motion to file an amended complaint (Doc. 23). In the motion, he mentions his military records and states that they "have a direct bearing on his eight[h] amendment claim." *Id*. at 1. The Court granted Plaintiff's motion (Doc. 30). Plaintiff has now filed an Amended Complaint (Doc. 33) ("AC") and a Memorandum of Law (Doc. 34).

**I. Nature of the Matter Before the Court**

Plaintiff's original Complaint alleged that on April 1, 2025, three inmates entered his cell, attacked him, and stole his television, table fan, and game console. He asserted that unknown LCF officials opened the electronic lock on his cell door to allow the perpetrators to enter. Plaintiff brought a failure to protect claim.

Plaintiff has now abandoned the claim he brought in the Complaint. As he states in the Memorandum in Support, "this Amended Complaint replaces the previous one completely, with new issues." (Doc. 34, at 1.) In the AC, Plaintiff describes the nature of his case as follows:

> When processed through the Kansas Dept. of Corr. (KDOC) Reception and Diagnostic Unit (RDU) in April of 1992, personnel failed to secure military records diagnosing a mental condition of a severe schizoid personality disorder causing intense anxiety under minor stress which led to a more serious illness of schizophrenia with psychopathic tendencies because of lack of treatment and indifference of housing classification by KDOC personnel.

(Doc. 33, at 2.)

Plaintiff brings three counts: (I) "Indifference and/or negligence of intake personnel of KDOC RDU to obtain mental health records to afford proper treatment of a severe mental disorder"; (II) "Indifference and/or negligence of various unknown classification personnel of KDOC to provide suitable housing to prevent stress and serious mental illness"; and (III) "Indifference and/or neglect to diagnose or provide mental health services for a period of approx. 34 years of imprisonment." *Id.* at 3, 6. He names the following defendants: Unknown KDOC Mental Health Personnel and Unknown KDOC Classification Personnel. For relief, Plaintiff seeks $20,000.00 for undue pain and suffering.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did

it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. Discussion**

The MOSCII found that Plaintiff failed to state a claim for failure to protect because he had not shown either that the conditions at LCF posed a substantial risk of serious harm or that any defendant knew of that risk and disregarded it. The MOSCII gave Plaintiff an opportunity to "respond to the *Martinez* Report and to show good cause why dismissal should not be entered." (MOSCII, Doc. 19, at 5.) The deadline for Plaintiff to respond was August 24, 2026. The MOSCII

stated that if Plaintiff failed within the time allotted to file a response, this action could be dismissed without further notice. Plaintiff then filed a motion seeking to file an amended complaint. The Court granted the motion, expecting Plaintiff would attempt to correct the deficiencies in the Complaint. Instead, he chose to abandon his original claims and file an amended complaint with entirely new claims.

Plaintiff's claims in the AC are subject to dismissal because they are untimely. The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). Based on Plaintiff's allegations, his causes of action accrued in April of 1992 when "personnel failed to secure military records diagnosing a mental condition of a severe schizoid personality disorder causing intense anxiety under minor stress which led to a more serious illness of schizophrenia with psychopathic tendencies because of lack of treatment and indifference of housing classification by KDOC personnel." (Doc. 33, at 2.)

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Fogle*, 435 F.3d at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009). "While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Cash v. City of Durant*, 2024 WL 1573947, at *3 (10th Cir. 2024) (unpublished) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

Plaintiff does not offer any basis for tolling the statute of limitations. He does argue in his Memorandum in Support that "[c]auses of action arising out a government function are not subject to any statute of limitations," quoting *Kansas Public Employees Retirement System v. Reimer & Koger Associates*, 262 Kan. 635 (1997). However, the question in *Reimer & Koger* was whether a statute of limitations runs *against* the State when the cause of action arises out of the performance of a government function, and the Kansas Supreme Court found that it did not. *Id*. at 669. For example, where a Kansas school district hired a company to construct a district building and the building had defects, the school district was not required to sue the construction company within any statute of limitations. The holding in *Reimer & Koger* is not applicable here since this case involves an individual suing the State rather than the State bringing a lawsuit.

It plainly appears from the face of the AC that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations, and the AC demonstrates no basis for tolling the statute.

**IV. Motion**

Plaintiff has also filed a Motion to File Exhibits under Seal (Doc. 35). He seeks to have

the certificate of Louis G. Nuernberger and Plaintiff's military discharge form filed under seal "due to [ ] containing medical/mental health information of a sensitive nature." *Id.* at 2. The motion is granted.

**V. Conclusion**

After review of the AC, the Court is considering dismissal of this matter as barred by the statute of limitations. Plaintiff will be given an opportunity to show good cause why dismissal should not be entered. Failure to respond by the Court's deadline may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **November 6, 2026,** in which to respond to show good cause why this action should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Exhibits under Seal (Doc. 35) is **granted**. The Clerk is directed to seal Document 34-1.

**IT IS SO ORDERED**.

**Dated October 7, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**