**FILED**
**U.S. District Court**
**District of Kansas**
11/23/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DAVID L. WOODWARD,**

**Plaintiff,**

**v.** **CASE NO. 25-3252-JWL**

**HOLLY SHAW, et al.,**

**Defendants.**

# MEMORANDUM AND ORDER

Plaintiff brings this pro se action under 42 U.S.C. § 1983. Plaintiff is in custody at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 5.)

The Court conducted an initial review of this case and directed Plaintiff to show cause why his Complaint should not be dismissed. (Memorandum and Order to Show Cause, Doc. 11) ("MOSC"). Plaintiff filed a response (Doc. 12), and on February 13, 2026, the Court entered a Memorandum and Order (Doc. 13) ("M&O") dismissing some claims and defendants and directing the officials responsible for the operation of the LCF to prepare a *Martinez* Report as to Plaintiff's failure to protect claim. After the *Martinez* Report (Doc. 14) was filed, the Court screened the Complaint in light of the Report and entered a second MOSC (Doc. 19) ("MOSCII") on April 28, 2026. After the MOSCII was entered, Plaintiff filed a motion to file an amended complaint (Doc. 23). In the motion, he mentions his military records and states that they "have a direct bearing on his eight[h] amendment claim." *Id*. at 1. The Court granted Plaintiff's motion (Doc. 30). Plaintiff then filed an Amended Complaint (Doc. 33) ("AC") and a Memorandum of Law (Doc. 34). The

Court proceeded to screen the AC and entered a third MOSC (Doc. 36) ("MOSCIII") on October 7, 2026. This matter is before the Court on Plaintiff's response (Doc. 37) to the MOSCIII, filed on October 20, 2026.

**I. Nature of the Matter Before the Court**

Plaintiff's original Complaint alleged that on April 1, 2025, three inmates entered his cell, attacked him, and stole his television, table fan, and game console. He asserted that unknown LCF officials opened the electronic lock on his cell door to allow the perpetrators to enter. Plaintiff brought a failure to protect claim.

Plaintiff has now abandoned the claim he brought in the Complaint. As he states in the Memorandum in Support, "this Amended Complaint replaces the previous one completely, with new issues." (Doc. 34, at 1.) In the AC, Plaintiff describes the nature of his case as follows:

> When processed through the Kansas Dept. of Corr. (KDOC) Reception and Diagnostic Unit (RDU) in April of 1992, personnel failed to secure military records diagnosing a mental condition of a severe schizoid personality disorder causing intense anxiety under minor stress which led to a more serious illness of schizophrenia with psychopathic tendencies because of lack of treatment and indifference of housing classification by KDOC personnel.

(Doc. 33, at 2.)

Plaintiff brings three counts: (I) "Indifference and/or negligence of intake personnel of KDOC RDU to obtain mental health records to afford proper treatment of a severe mental disorder"; (II) "Indifference and/or negligence of various unknown classification personnel of KDOC to provide suitable housing to prevent stress and serious mental illness"; and (III) "Indifference and/or neglect to diagnose or provide mental health services for a period of approx. 34 years of imprisonment." *Id.* at 3, 6. He names the following defendants: Unknown KDOC Mental Health Personnel and Unknown KDOC Classification Personnel. For relief, Plaintiff seeks $20,000.00 for undue pain and suffering.

**II. Discussion**

The MOSCIII found that Plaintiff's claims in the AC are subject to dismissal because they are untimely. The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). Based on Plaintiff's allegations, his causes of action accrued in April of 1992 when "personnel failed to secure military records diagnosing a mental condition of a severe schizoid personality disorder causing intense anxiety under minor stress which led to a more serious illness of schizophrenia with psychopathic tendencies because of lack of treatment and indifference of housing classification by KDOC personnel." (Doc. 33, at 2.)

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Fogle*, 435 F.3d at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009). "While the statute of limitations

is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Cash v. City of Durant*, 2024 WL 1573947, at *3 (10th Cir. 2024) (unpublished) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

The Court found that it plainly appeared from the face of the AC that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations and that the AC demonstrated no basis for tolling the statute.

In his response, Plaintiff argues that the statute of limitations "has not begun to run yet" on his claim in Count II of the AC. (Doc. 37, at 2.) He asserts that this is an unresolved, continuing matter, and there must be a "date to ascertain when to start the statute to limit the complaint." *Id*. He argues, "If the matter had been resolved, whatever date the resolution would in turn determine when to start the limitation period." *Id*.

In spite of arguing the limitations period is not yet running, Plaintiff goes on to argue that his cause of action did not accrue until May of 2026. Plaintiff claims that he was not diagnosed with schizophrenia until May of 2026, and treatment did not begin until then. *Id*. He alleges that his schizophrenia was a "direct result of a prolonged exposure to housing conditions complained of" in Count II. *Id*. He argues that "[a]lthough the failure to acquire the psychiatric report and diagnosis along with the prognosis of what a prolonged exposure to stress would result in a serious illness to which plaintiff was predisposed happened in April of 1992, the continued exposure was consistent by the KDOC staff for close to 34 years." *Id*. at 3. Therefore, he asserts that he did not have a "complete and present cause of action" until his diagnosis and treatment began. *Id*.

As explained in the MOSCIII, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)

(internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). Based on Plaintiff's allegations in the AC, his causes of action accrued in April of 1992 when "personnel failed to secure military records diagnosing a mental condition of a severe schizoid personality disorder causing intense anxiety under minor stress which led to a more serious illness of schizophrenia with psychopathic tendencies because of lack of treatment and indifference of housing classification by KDOC personnel." (Doc. 33, at 2.) Plaintiff's argument that accrual is based on when a matter is resolved is not supported by the law.

Plaintiff, in arguing that this is a "continuing matter," may be attempting to invoke the continuing violation doctrine. "The continuing violation theory combines 'conduct from both inside and outside the limitations period into one single violation that, taken as a whole, satisfies the applicable statute of limitations.'" *Balance v. Johnson Cty., Kansas, Bd. of Comm'rs*, 2026 WL 228639, at *2 (10th Cir. 2026) (unpublished) (citing *Hamer v. City of Trinidad*, 924 F.3d 1093, 1100 (10th Cir. 2019)). "The doctrine applies where no single act comprises the cause of action because the claim is based upon combining the effects of the individual actions." *Id.* (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 118 (2002)). "An important caveat to the continuing violation doctrine, however, is that it is triggered by continual unlawful acts, not by continual ill effects from the original violation." *Herrera v. City of Espanola*, 32 F.4th 980, 993 (10th Cir. 2022) (quoting *Hamer*, 924 F.3d at 1099).

Plaintiff does not allege that there has been a continual unlawful act or "a series of individually unactionable occurrences that make out a violation only when combined." *Herrera*, 32 F.4th at 1002. Rather, he alleges a series of actionable violations committed by innumerable unknown KDOC employees over 34 years, all allegedly based on the failure to obtain Plaintiff's military psychiatric report in 1992. "[T]he continuing violation doctrine . . . would apply here

only when a particular defendant allegedly committed wrongful acts within, as well as outside, the limitations period." *Vasquez v. Davis*, 882 F.3d 1270, 1277 (10th Cir. 2018).

## III. Conclusion

Plaintiff has failed to show good cause why his Amended Complaint should not be dismissed as barred by the statute of limitations

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.[1]

**IT IS SO ORDERED**.

**Dated November 23, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

[1] A dismissal as time-barred is for failure to state a claim and is a strike. *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011).